958 F.2d 370
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vaughn Hoyt SHULER, Defendant-Appellant.
 No. 91-5284.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1992.
Decided March 18, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Richard L. Voorhees, Chief District Judge. (CR-90-233-B)
 Argued: Russell Lyway Mclean, III, McLean & Dickson, P.A., Waynesville, North Carolina, for Appellant.
 Thomas Richard Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 On Brief: Thomas J. Ashcraft, United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 REVERSED.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Vaughn Shuler appeals his conviction for allowing an unleased dog to run loose within the Great Smoky Mountains National Park, in violation of 36 C.F.R. § 2.15(a)(2). We must decide whether a person can violate that regulation without being on park premises. We conclude that he cannot, and reverse.
 
 I.
 
 2
 Appellant Vaughn Hoyt Shuler lives within a few hundred yards of the boundary of the Great Smoky Mountains National Park in extreme western North Carolina. He owns hunting dogs. Hunting of any kind is prohibited within the park. On three occasions prior to the one at issue, Shuler paid $25 fines for allowing his hunting dogs to run at large within the park.
 
 
 3
 On October 16, 1990, a ranger caught one of Shuler's dogs in a campground within the park. The ranger called Shuler, who was at home. Shuler immediately came to the ranger station to pick up the dog. He was given a citation for failing to keep his dog leashed. The regulation cited was 36 C.F.R. § 2.15(a)(2).
 
 
 4
 At a bench trial, the ranger admitted that he had no knowledge of how the dog got into the park and that Shuler himself was at home at the time of the offense. Over Shuler's objection, the government introduced evidence of the three prior fines Shuler had paid for the same offense.
 
 
 5
 The district court found Shuler guilty and fined him $350. Shuler appeals.
 
 II.
 
 6
 The regulation Shuler is alleged to have violated reads, in pertinent part:
 
 
 7
 [36 C.F.R.] § 2.15 Pets
 
 
 8
 (a) The following are prohibited:*,*,*
 
 
 9
 (2) Failing to crate, cage, restrain on a leash which shall not exceed six feet in length, or otherwise physically confine a pet at all times....
 
 
 10
 The applicability and scope of this prohibition are governed by a general provision earlier in the same chapter:
 
 
 11
 [36 C.F.R.] § 1.2 Applicability and Scope
 
 
 12
 (a) The regulations contained in this chapter apply to all persons entering, using, visiting or otherwise within:
 
 
 13
 (1) The boundaries of federally owned lands and waters administered by or subject to the jurisdiction of the National Park Service; ....
 
 
 14
 The district court accepted the government's argument that this language was capable of two interpretations. The first, asserted by Shuler, is that one must be within park boundaries to be subject to the restrictions and penalties contained in 36 C.F.R. Ch. 1. However, says the government, an opposite construction is possible in light of the policy concerns behind this regulation. Because conservation of wildlife is a policy of the Park Service, and punishing persons whose dogs wander onto the park would further that policy, then regulation should be construed to apply to Shuler.
 
 
 15
 We do not question that the government could prohibit persons from knowingly allowing pets to roam in the park, or whether the person ever set foot on it. We do not see that as the issue, though. The question is whether these regulations prohibit actions by persons outside the park. We think that the only reasonable construction of "entering, using, visiting, or otherwise within the boundaries of [a park]" is that the park service regulations do not apply to persons outside. We cannot rewrite these regulations to define a new crime just because, as the government argues, a criminal sanction for Shuler's conduct might make good sense. Defining crimes is the province of Congress, not the courts. United States v. Bass, 404 U.S. 336, 348 (1971).
 
 
 16
 In short, even if the regulation were susceptible of the construction the government urges, the rule of lenity would require reversal. Doubts about the ambit of a criminal prohibition must be resolved in favor of the defendant. Liparota v. United States, 471 U.S. 419 (1985); Bass, 404 U.S. at 347-348.
 
 
 17
 The conviction is reversed.
 
 REVERSED